IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. No. 10-112-LPS-1 |
| | ) | |
| XIANG LI, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

At Wilmington this 31st day of October, 2012, having considered Defendant's Motions to Dismiss the Superseding Indictment and the papers submitted in connection therewith:

IT IS ORDERED that, for the reasons set forth below, said motions (D.I. 44, 49) are DENIED.

1. **Introduction**. On April 3, 2012, a grand jury in the District of Delaware returned a 46-count Superseding Indictment against Xiang Li ("Defendant"). The Superseding Indictment charges Defendant with the following: one count of Conspiracy to Circumvent a Technological Measure that Protects a Copyrighted Work, 18 U.S.C. §§ 371 & 2, 17 U.S.C. §§ 1201(a)(1) & 1204; one count of Conspiracy to Traffic in Access Control Circumvention Tools and Services, 18 U.S.C. §§ 371 & 2, 17 U.S.C. §§ 1201(a)(2) & 1204; one count of Conspiracy to Commit Wire Fraud, 18 U.S.C. § 1343 & 1349; one count of Circumvention of Technological Measure that Protects a Copyrighted Work, 17 U.S.C. §§ 1201(a)(1) & 1204 and 2; one count of Trafficking in Access Control Circumvention Tools and Services, 17 U.S.C. §§ 1201(a)(2) & 1204 and 2; one count of Conspiracy to Commit Criminal Copyright Infringement, 18 U.S.C.

1

§§ 371 & 2, 18 U.S.C. § 2319(a)(1)(B); seventeen counts of Trafficking in Counterfeit Labels, Documentation and Packaging, 18 U.S.C. § 2318(a) and 2; three counts of Criminal Copyright Infringement, 18 U.S.C. §§ 2319(a)(1)(B) & 2; five counts of Interstate Transportation of Stolen Property, 18 U.S.C. §§ 2314 & 2; seven counts of Smuggling of Goods into the United States, 18 U.S.C. §§ 545 & 2; and eight counts of Wire Fraud, 18 U.S.C. §§ 1343 and 2. (D.I. 35, 36) Defendant then moved to dismiss the Superseding Indictment. (D.I. 30, 44, 49) The matter is fully briefed.

2. **Right to Counsel**. The Sixth Amendment guarantees criminal defendants the right to be represented by counsel. Criminal defendants may also represent themselves *pro se*. *See, e.g.*, *Faretta v. California*, 422 U.S. 806, 834 (1975) ("It is the defendant . . . who must be free personally to decide whether in his particular case counsel is to his advantage."). However, "[o]nce a *pro se* defendant invites or agrees to any substantial participation by counsel, subsequent appearances by counsel must be presumed to be with the defendant's acquiescence, at least until the defendant expressly and unambiguously . . . request[s] that . . . counsel be silenced." *United States v. Turner*, 677 F.3d 570, 578 (3d Cir. 2012) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 173 (1984)). It follows that counsel may, as a matter of professional judgment, choose which non-frivolous points to raise before the Court "in accord with counsel's professional evaluation." *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

3. *Pro Se* **Motions To Dismiss**. Defendant has filed two *pro se* Motions to Dismiss the Indictment (D.I. 30, 44), the latter of which remains pending. During a June 12, 2012 status telephone conference with counsel, the government asked the Court to dismiss the pending *pro se* motion without prejudice because Defendant was and continues to be represented by counsel.

2

On August 25, 2012, in its response to counsel's subsequently filed Motion to Dismiss (D.I. 49), the government renewed its request to dismiss the *pro se* motion. Because Defendant has yet to "expressly and unambiguously . . . request that . . . [his] counsel be silenced," *Turner*, 677 F.3d at 578, the Court will not address the merits of Defendant's *pro se* Motion. Defendant has no right to a "hybrid representation." *McKaskle*, 465 U.S. at 183. Accordingly, Defendant's *Pro Se* Motion to Dismiss (D.I. 44) is DENIED WITHOUT PREJUDICE.

4. **Article 36 of the Vienna Convention on Consular Relations ("VCCR")**. The VCCR provides:

Communication and contact with nationals of the sending State

1. With a view to facilitating the exercise of consular functions relating to nationals of the sending State:

(a) consular officers shall be free to communicate with nationals of the sending State and to have access to them. Nationals of the sending State shall have the same freedom with respect to communication with and access to consular officers of the sending State;

(b) if he so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner. Any communication addressed to the consular post by the person arrested, in prison, custody or detention shall also be forwarded by the said authorities without delay. The said

authorities shall inform the person
concerned without delay of his rights
under this sub-paragraph;

(c) consular officers shall have the
right to visit a national of the sending
State who is in prison, custody or
detention, to converse and
correspond with him and to arrange
for his legal representation. They
shall also have the right to visit any
national of the sending State who is
in prison, custody or detention in
their district in pursuance of a
judgment. Nevertheless, consular
officers shall refrain from taking
action on behalf of a national who is
in prison, custody or detention if he
expressly opposes such action.

2.      The rights referred to in paragraph 1 of this
Article shall be exercised in conformity with the
laws and regulations of the receiving State, subject
to the proviso, however, that the said laws and
regulations must enable full effect to be given to the
purposes for which the rights accorded under this
Article are intended.

21 U.S.T. 77.

5. **Motion to Dismiss Superseding Indictment for Violation of the VCCR**. Counsel

for Defendant contends that the government "possibl[y]" failed to fulfill its obligation to inform

defendant, "without delay," of his rights under Article 36(1)(b) of the VCCR. (D.I. 49-1 at 1)

Defense counsel offers nothing more than his own assertion that Defendant's rights may have

been (in some unspecified manner) violated. Defense counsel has not requested an evidentiary

hearing to establish a factual basis for his contention.[1]  (*See* Transcript, Sep. 6, 2012

---

[1]Defense counsel never explicitly informs the Court which nation Defendant is a citizen
of and whether that nation is subject to the provisions of the VCCR.  However, the government

4

teleconference at 3)

6. By contrast, the government has proffered evidence that it did, in fact, advise Defendant of his VCCR rights. (*See* D.I. 51 Ex. 1) ("Notice to Consular Officer Concerning Detention" and facsimile transmission verification report) Defendant is not contesting the authenticity of the government's Notice to Consular Officer Concerning Detention. Moreover, even if Defendant's rights under the VCCR were violated, the VCCR does not envision dismissal of a criminal indictment as a remedy for such a violation. *See Sanchez-Llamas v. Oregon*, 548 U.S. 331, 339, 349 (2006) (stating Article 36 "secures only a right of foreign nationals to have their consulate informed of their arrest or detention – not to have their consulate intervene, or to have law enforcement authorities cease their investigation pending any such notice or intervention"); *United States v. De La Pava*, 268 F.3d 157, 163 (2d Cir. 2001) ("[A] violation of Article 36 of the Vienna Convention on Consular Relations is not a basis for the dismissal of an indictment . . . ."). Accordingly, Defendant's request to dismiss the Superseding Indictment due to the government's alleged violation of Defendant's rights under the VCCR is DENIED.

7. **Federal District Court Criminal Jurisdiction**. Title 18 U.S.C. § 3231 provides: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Rule 18 of the Federal Rules of Criminal Procedure specifies:

> [u]nless a statute or these rules permit otherwise, the government
> must prosecute an offense in a district where the offense was
> committed. The court must set the place of trial within the district
> with due regard for the convenience of the defendant and the

---

proffers in its papers that Defendant is a Chinese national. (D.I. 51 at 5-6) Thus, under the VCCR, the People's Republic of China is "the sending state" and the United States of America is "the receiving state." (D.I. 51 at 5-6)

witnesses, and the prompt administration of justice.

Federal district court jurisdiction extends to "offenses, wholly committed outside of [the United States], if the acts committed are intended to have an effect in the United States." *United States v. Goldberg*, 830 F.2d 459, 462 (3d Cir. 1987).

8. **Jurisdictional Challenge**. Defense counsel contends that paragraphs 11-16 and 18-19 of the Superseding Indictment reference sales of software but do not "articulate whether those transactions were between defendant(s) and someone in the state of Delaware." (D.I. 49 at 4) Without citing any authority, defense counsel asks the Court to dismiss the offenses alleged in these paragraphs.

9. The Superseding Indictment alleges that the acts and conspiracies were directly tied to monetary wire transfers at a "Western Union facility in Claymont, Delaware." (*See* D.I. 36 at ¶¶ 20-53, 67-68, 70, 72, 74, 76, 79-116) Indeed, "the nature of the crime[s] alleged and the location of the act or acts constituting" them are all alleged, throughout the Superseding Indictment, to be tied to the District of Delaware. *See United States v. Anderson*, 328 U.S. 699, 703 (1946) (holding "*locus delicti* must be determined from the nature of the crime alleged and the location of the act or acts constituting it"); *see also Hyde v. United States*, 225 U.S. 347, 367 (1912) ("[I]t is not essential where the conspiracy is formed, so far as the jurisdiction of the court in which the indictment is found and tried is concerned."). The motion to dismiss for lack of jurisdiction is DENIED.

10. **Defense Counsel's "No Infringement" Argument**. "'An indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits.'" *United States v. Vitillo*, 490 F.3d 314, 320 (3d Cir. 2007) (quoting

*Costello v. United States*, 350 U.S. 359, 363 (1956)).

> In civil cases, of course, the summary judgment procedures
> contemplated by Federal Rule of Civil Procedure 56 may be
> utilized to test, pretrial, the sufficiency of the evidence to
> establish triable issues of fact; but there is no corollary in
> criminal cases. The government is entitled to marshal and
> present its evidence at trial, and have its sufficiency tested
> by a motion for acquittal pursuant to Federal Rule of Criminal
> Procedure 29.

*United States v. DeLaurentis*, 230 F.3d 659, 660-61 (3d Cir. 2000). Federal Rule of Criminal

Procedure 12(b)(2) only "authorizes dismissal of an indictment if its allegations do not suffice to

charge an offense." *Id.* (citing *United States v. Sampson*, 371 U.S. 75, 78-79 (1962)).

11. Defense counsel's argument in support of his request to dismiss the indictment is

difficult to follow. Counsel appears to argue that "Defendant did not . . . engage in infringement

acts" and "did not participate in unlawful cracking, circumvention or infringement." (D.I. 49 at

5-8) Essentially, defense counsel seems to claim, as a factual matter, that Defendant is not guilty

of the crimes in the Superseding Indictment. Counsel does not appear to aver that the allegations

are insufficient to charge an offense.

12. The Superseding Indictment is based on probable cause and alleges that Defendant

conspired with others and engaged in acts himself that constitute, *inter alia*: (1) unlawful

infringement of copyrighted software by advertising such on a website, reproducing it, and

distributing it without authorization; and (2) unlawful circumvention of access controls by

reproducing and distributing license and other digital files that provided his customers with

unauthorized access to copyrighted software. (D.I. 36) Defense counsel's factual challenges to

the charges by way of a motion to dismiss the Superseding Indictment are misplaced. "Unless

there is a stipulated record, or unless immunity issues are implicated, ***a pretrial motion to***

***dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the***

***government's evidence***." *DeLaurentis*, 230 F.3d at 660 (emphasis added). Defendant's Motion

to Dismiss on the basis of "no infringement" is DENIED.

13. **Other Motions**. Defense counsel has included in his submission a request that the

Court direct the government "to give notice of evidence it seeks to introduce at trial prior to

[Federal Rule of Evidence] 404(b)." (D.I. 49 at 8) Defendant further asks the Court to "require

the government [to] disclose material bearing upon the credibility of government witnesses as

soon as it becomes available as such information is exculpatory in nature and falls directly within

the rule established by *Brady v. Maryland* and its progeny." (*Id.* at 9)

14. On September 18, 2012, the Court issued an Order Setting Trial Schedule, which

makes the filing of *in limine* motions due by February 1, 2013. (D.I. 52) The government

represents that it will comply with its obligations pursuant to Rule 404(b) and *Brady*. (D.I. 51 at

15) The government's representation is sufficient at this stage of the proceedings.

15. **Conclusion**. IT IS HEREBY ORDERED that Defendant's Motion to Dismiss filed

by his counsel (D.I. 49) is DENIED, and IT IS FURTHER ORDERED that Defendant's *Pro Se*

"Motion to dismiss Defective indictment with the Memorandum in Support" (D.I. 44) is

DENIED WITHOUT PREJUDICE.

UNITED STATES DISTRICT JUDGE